HEARD NOVEMBER TERM, 1874.

## De La Howe *vs.* Harper.

The homestead exemption, under the Constitution of 1868, cannot be allowed against a judgment for a *devastavit* committed by the defendant, as administrator, where the administration bond was given before the Constitution was adopted, and it makes no difference that the *devastavit*, as well as the judgment, was after its adoption.

Before COOKE, J., at Abbeville, June Term, 1873.

R. P. Brownlee and H. H. Harper were the administrators of J. Brownlee, deceased. Their administration bond bore date August 8, 1863. In the year 1866 they sold the personal estate, for gold or its equivalent, and on the 9th April of the same year they filed the sale bill in the office of the Judge of Probate. The sales amounted to $5,353.41. The Trustees of the Estate of Dr. John De La Howe, as creditors of the intestate, filed a bill in equity against them for an account, and on the 15th July, 1871, a compromise decree for $2,453.05, in behalf of the creditors, was rendered against the defendants, personally. Execution was issued on the decree, and a levy made by the Sheriff on the real and personal estate of Harper, and thereupon he claimed the homestead exemption of real estate of the value of $1,000, and personalty of the value of $500. The plaintiffs objected to the allowance of a homestead, but a commission to set it off was issued by the Sheriff, and on May 8th, 1873, the Commissioners made their return, wherein they certified that they had set off and assigned to Harper, as and for his homestead, a certain tract of land; and, also, that they had appraised and set off, for his use, certain articles of personal property. The plaintiffs excepted to the return, on the ground, *inter alia*, that the law of the State, providing for a homestead exemption, was unconstitutional, as against the creditors, for whom the decree was rendered in this case.

His Honor the presiding Judge overruled the above exception, but because of some informality in the commission, he set it aside, and ordered that a new commission be issued.

The plaintiffs appealed.

*Thompson,* for appellants, cited and relied upon *Gunn* vs. *Barry,* 15 Wal., 610; *Cochran* vs. *Darcy, ante,* p. 125.

*Perrin & Cothran,* contra:

The claim of homestead is good, and has not been declared unconstitutional, when the debt arose *since April,* 1868, when the new Constitution was adopted.

This debt was a debt against Brownlee, before the new Constitution ; but, as against his administrators, *it was not a debt, individually,* until the account against them, as administrators, was stated and confirmed by the Court, *and entered as a decree against them, July* 15, 1871. " An administrator is not liable, *de bonis propriis,* until a *devastavit* is established against him, which can only be done after judgment against him, in his representative character, in which he admits assets, *and, by another action, suggesting a devastavit.*"—*Brown* vs. *Hilligas,* 2 Hill, 448. " An administrator can only be made liable, *de bonis propriis,* by *a devastavit,* established against him, according to the rule prescribed in *Brown* vs. *Hilligas,* or by an account before the Ordinary, or in equity, preparatory to a suit on his bond."—*Ford* vs. *Rouse,* Rice, 223.

But for the compromise of administrators, the first decree would have been " *de bonis testatoris,*" and then *a second action would have been necessary, suggesting devastavit.* The decree, by consent, admitted *devastavit,* but there was certainly *no debt by administrators, personally,* until that decree was rendered.

This being a debt *after the Constitution,* the party is entitled to homestead, notwithstanding the last " Homestead Act was ratified February 22, 1873, which repealed all former Acts." The last Act only substituted one Act for another which existed in 1871.

Jan. 28, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The plaintiffs are judgment creditors of the defendants. A homestead exemption has been allowed to the defendants, as against their judgment. The question for our consideration is whether the plaintiffs' demand to have the whole real and personal estate of the defendants applied to the satisfaction of their judgment is of such a nature as to be protected by the clause of the Constitution of the United States, forbidding the passage of laws impairing the obligation of contracts, from the operation of the Constitution and laws of this State, conferring a right of homestead on debtors, in certain cases.

The judgment was recovered in 1871 ; but that fact is not, in it-

self, decisive of the question. If the judgment was based on a contract or voluntary undertaking of the defendants, then the date of such contract or undertaking must be taken as the test of the applicability to it of the clauses of the Constitution of the United States in question.

The action in which the judgment was recovered against the defendants was brought for a *devastavit* committed by the defendants as administrators. The obligation on which such action rested originated in the acceptance of the office of administrator, and giving the bond incident to it, which was in 1863, prior to the adoption of the Constitution of 1868.

The consideration that the judgment, ascertaining the fact of a *devastavit*, was recovered after 1868, is unimportant. Although the liability of the administrators, personally, was not fixed until judgment was recovered, yet the right on which the judgment was founded necessarily existed antecedent to its recovery. That right embraced the original obligation assumed by the administrators, as the ground of their duty in that character, and the immediate and direct cause of action, which consisted of some specific breach of that duty. Nor does the fact that the act of administrators that constituted the *devastavit* occurred after 1868 control the results of the case; for the obligation of the contract necessarily preceded the act of default, and it is the obligation of the contract that is the direct subject of the Constitution in question. To find the date of origin of that obligation, we are compelled to go back to the date of the acceptance of the office and of the official bonds, and that takes us to a time anterior to the Constitution of 1868, and shows that the obligation on which the judgment was founded was in existence at the adoption of the Constitution of 1868, and was a proper subject for the protection afforded by the clause of the Constitution of the United States under consideration.

We have already passed upon the question, whether, under the provisions of our Constitution, a homestead exemption can be allowed as against an obligation incurred prior to that Constitution, and have held, in accordance with the decisions of the Supreme Court of the United States, that such an exemption cannot·be claimed.— *Cochran* vs. *Darcy, ante,* p. 125.

The order of the Circuit Court should be reversed.

*Moses,* C. J., and *Wright,* A. J., concurred.